THE STATE EX REL. ALBOURQUE, APPELLANT, *v.* TERRY, JUDGE, APPELLEE.

[Cite as *State ex rel. Albourque v. Terry,* **128 Ohio St.3d 505, 2011-Ohio-1913.**]

*Mandamus — Writ seeking order compelling trial judge to issue new sentencing entry that complies with Crim.R. 32(C) — Writ denied — Failure to dispose of count in joint indictment does not affect validity of sentencing entry when count charged codefendant, not relator.*

(No. 2010-2175 — Submitted April 19, 2011 — Decided April 26, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 94825, 2010-Ohio-5412.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals treating the application of appellee, Cuyahoga County Court of Common Pleas Judge Steven J. Terry, for reconsideration as a motion for relief from judgment, granting it, and denying the request of appellant, Houssam Albourque, for a writ of mandamus to compel Judge Terry to issue a new sentencing entry in Albourque's criminal case to comply with Crim.R. 32(C).

{¶ 2} The judge's motion was styled "Application for Reconsideration." App.R. 26(A)(1) allows for such motions only in "any cause or motion submitted on appeal." The instant action was filed originally in the court of appeals. Thus, App.R. 26(A)(1) is not applicable. But the court of appeals did not abuse its discretion by treating the judge's application after the court of appeals' initial judgment as a Civ.R. 60(B) motion for relief from judgment. See, generally, *Pete's Auto Sales v. Conner* (Aug. 24, 2000), Cuyahoga App. No. 77014, 2000 WL 1222015, *3, and cases cited therein ("It has long been recognized that trial

courts have been allowed some discretion to treat a motion for reconsideration as a motion to vacate under Civ.R. 60(B)").

{¶ 3} Nor did the court of appeals abuse its discretion in granting the judge's motion and denying the writ. See *Eubank v. Anderson*, 119 Ohio St.3d 349, 2008-Ohio-4477, 894 N.E.2d 48, ¶ 4 (applying an abuse-of-discretion standard of review for an appeal from a Civ.R. 60(B) determination). When it originally granted Albourque's writ, the appellate court held that the 2006 order was not final and appealable because it failed to dispose of Count 5 of the indictment. In his motion, the judge included a certified copy of the indictment establishing that a codefendant — not Albourque — was charged in Count 5. Although it is true, as Albourque asserts, that Civ.R. 60(B) cannot be used as a substitute for a timely appeal, see *State ex rel. Manuel v. Stenson*, 126 Ohio St.3d 52, 2010-Ohio-2673, 930 N.E.2d 310, ¶ 1, the judge's claim was premised on an evidentiary submission, which would have normally been precluded in an appeal. See *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16 ("We cannot, however, add matter to the record before us that was not part of the court of appeals' proceedings and then decide the appeal on the basis of the new matter").

{¶ 4} Therefore, the March 21, 2006 sentencing entry issued by Judge Terry fully complied with Crim.R. 32(C). It included the finding of the court upon which his conviction was based, the sentence, the judge's signature, and the stamp showing journalization. Thus, it was final and appealable, and Albourque was not entitled to the requested extraordinary relief in mandamus to compel the issuance of a new sentencing entry. See *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393, ¶ 1.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Houssam Albourque, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____