HAZEL, APPELLANT, *v.* KNAB, WARDEN, APPELLEE.

[Cite as *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608.]

*Habeas corpus—Dismissal of petition affirmed—R.C. 2969.25(C)—Failure to include certified statement of inmate account balance in affidavit of indigency is fatal defect.*

(No. 2011-0825—Submitted September 7, 2011—Decided September 15, 2011.)

APPEAL from the Court of Appeals for Ross County, No. 11CA3231.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Corey Hazel, for a writ of habeas corpus to compel his release from prison. As the court of appeals correctly held, Hazel's petition was defective because although he filed an affidavit of indigency and sought waiver of prepayment of the court's filing fees, he failed to include in his affidavit of indigency a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, in violation of R.C. 2969.25(C). "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Hazel's subsequent filing of the statement did not cure the defect. See R.C. 2969.25(C); see also *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9. And although Hazel attempts to excuse his noncompliance with R.C. 2969.25(C) by citing a purported prison policy, which he attached to his reply brief, we cannot consider any evidence that is not part of the record on appeal.

See *State ex rel. Albourque v. Terry*, 128 Ohio St.3d 505, 2011-Ohio-1913, 947 N.E.2d 169, ¶ 3.

{¶ 2} Moreover, because Hazel either raised or could have raised his claims in a previous habeas corpus case, see *Hazel v. Knab*, 125 Ohio St.3d 1460, 2010-Ohio-2753, 928 N.E.2d 736, res judicata barred him from filing a successive habeas corpus petition in the court of appeals. See *Goins v. Pineda*, 128 Ohio St.3d 358, 2011-Ohio-529, 944 N.E.2d 660.

{¶ 3} Finally, because Hazel's petition did not state a facially valid habeas corpus claim, the appellate court's dismissal without prior notice was proper and in accordance with the basic, summary procedure of R.C. Chapter 2725. *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46, ¶ 9; *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763.

{¶ 4} Therefore, the court of appeals properly dismissed Hazel's habeas corpus petition, and we affirm the judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and McGEE BROWN, JJ., concur.

_____

Corey Hazel, pro se.

Michael DeWine, Attorney General, and Hilda Rosenberg, Assistant Attorney General, for appellee.

_____