[Cite as *State ex rel. Davis v. Walker*, 2011-Ohio-5282.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97341

## STATE OF OHIO EX REL.
## KENNETH DAVIS, JR.

RELATOR

vs.

## HONORABLE SANDRA WALKER, JUDGE

RESPONDENT

## JUDGMENT:
## DISMISSED

Writ of Procedendo
Order No. 448219

**RELEASE DATE:**   October 12, 2011

-i-

**FOR RELATOR:**

Kenneth Davis, Jr., Pro Se
Inmate #A-564-782
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEY FOR RESPONDENT:**

Ronald K. Riley
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112


KENNETH A. ROCCO, J.:

{¶ 1} Relator, Kenneth Davis, Jr., avers that he is the defendant in *E. Cleveland v. Davis*, E. Cleveland Municipal Court Case No. 08TRD04307. Davis requests that this court compel respondent to rule on his motion to withdraw plea.

{¶ 2} In *Hazel v. Knab*, ___ Ohio St.3d ___ , 2011-Ohio-4608, ___ N.E.2d ___ , petitioner Hazel was incarcerated and filed an action in habeas corpus. "* * * [A]lthough he filed an affidavit of indigency and sought waiver of prepayment of the court's filing fees, he failed to include in his affidavit of indigency a statement setting

forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, in violation of R.C. 2969.25(C). "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶5. Hazel's subsequent filing of the statement did not cure the defect. See R.C. 2969.25(C); see also *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶9." Id. ¶1. The supreme court affirmed the judgment of the court of appeals dismissing Hazel's petition in habeas corpus.

{¶ 3} Davis is currently incarcerated. He states that the "Certificate of the Institutional Cashier" is attached to his affidavit seeking waiver of prepayment of the court's filing fees and affidavit of indigency pursuant to R.C. 2969.25(C). A thorough review of the original affidavit and the copies filed with the court, however, reflects that Davis has not filed the R.C. 2969.25(C) cashier's statement. As noted in *Hazel*, this defect requires dismissal of this action and cannot be cured by supplementing the complaint with the cashier's statement later.

{¶ 4} Accordingly, we dismiss this action sua sponte. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Complaint dismissed.*

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY J. BOYLE, J., CONCUR