[Cite as *State ex rel. Onunwor v. Fuerst*, 2012-Ohio-1205.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97682**

# STATE EX REL.,
# CLIFTON C. ONUNWOR

RELATOR

vs.

# HONORABLE NANCY A. FUERST

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion Nos. 451075 and 450248
Order No. 452962

**RELEASE DATE:** March 20, 2012

**FOR RELATOR**

Clifton C. Onunwor, pro se
Inmate No. 572-374
Lebanon Correctional Instit.
P. O. Box 56
Lebanon, OH   45036

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.

{¶1} On December 9, 2011, the relator, Clifton Onunwor, commenced this mandamus action against the respondent, Judge Nancy Fuerst, to compel the judge to rule on a petition for postconviction relief which he filed on April 26, 2010, in the underlying case, *State v. Clifton Onunwor*, Cuyahoga Cty. Common Pleas Court Case No. CR-517054. On January 6, 2012, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness and procedural defect. Onunwor never filed a reply. For the following reasons, this court grants the Respondent's motion for summary judgment and denies the application for a writ of mandamus.

{¶2} Attached to the motion for summary judgment is a signed, file-stamped January 6, 2012 judgment entry denying Onunwor's petition for postconviction relief and further providing findings of fact and conclusions of law. This judgment entry establishes that the respondent judge has fulfilled her duty to rule on the subject petition and that Onunwor has received the relief to which he is entitled.

{¶3} Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842. His

attempt to cure this defect was ineffective. *Hazel v. Knab*, 120 Ohio St.2d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶4} Accordingly, this court grants the judge's motion for summary judgment and denies the application for a writ of mandamus.

{¶5} Writ denied.

{¶6} This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶7} Relator to pay costs.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., AND
KATHLEEN ANN KEOUGH, J., CONCUR