[Cite as *Nannicola v. Rosan*, 2012-Ohio-5338.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ARMAND NANNICOLA | ) | CASE NO. 12 MA 20 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JAMES EDWARD ROSAN, et al. | ) | |
| | ) | |
| DEFENDANT-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 10 CV 3647

JUDGMENT:        Reversed.

APPEARANCES:

For Plaintiff-Appellant:        Atty. David M. Moore
Atty. Neal G. Atway
Atway & Cochran, LLC
19 East Front Street
Youngstown, Ohio 44503

For Defendants-Appellees:        Atty. Mark Devicchio
3680 Starr Centre Drive
Canfield, Ohio 44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: November 14, 2012

[Cite as *Nannicola v. Rosan*, 2012-Ohio-5338.]

WAITE, P.J.

**{¶1}** Plaintiff-Appellant Armand Nannicola appeals the decision of the Mahoning County Court of Common Pleas granting a motion for reconsideration in favor of Appellees in this case after summary judgment had previously been awarded to Appellant. Appellees, James Edward Rosen and The Whiskey Club, LLC, borrowed $33,000 from Appellant and failed to repay the loan, prompting Appellant to file a breach of contract suit. Appellees, through counsel, filed an answer. Appellant then filed a motion for summary judgment in October of 2011, and Appellees failed to reply. On December 13, 2011, the trial court awarded summary judgment to Appellant in the amount of $33,000.

**{¶2}** Appellees filed a motion for reconsideration on December 22, 2011, and the motion was granted 13 days later on January 4, 2012. Appellant filed this appeal on February 3, 2012. Appellant argues that a motion for reconsideration is a nullity in Ohio; that Appellees gave no indication that they intended that the trial court treat their motion as a Civ.R. 60(B) motion for relief from judgment, and that Appellees could not meet the requirements of a Civ.R. 60(B) motion even if it had been so characterized. Appellant is correct on all counts. The trial court issued a final order in favor of Appellant. Subsequently, Appellees filed a motion for reconsideration of that final order. Appellees clearly captioned their motion as a motion for reconsideration. Such a motion is a nullity in Ohio. There is no indication that Appellees or the trial court treated the motion as anything other than a motion for reconsideration. Even if the motion had been filed as a Civ.R. 60(B) motion for relief from judgment, Appellees did not allege any meritorious defense as required by *GTE*

*Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). The judgment of the trial court is reversed and summary judgment is reinstated in favor of Appellant.

{¶3} Appellant presents one assignment of error that contains a number of subissues. Appellees have not filed a brief in this appeal. Under App.R. 18(C), if the appellee has not filed a brief, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶4} An order that vacates a judgment, including a judgment that grants summary judgment, is a final appealable order. *McGeary v. Brocker*, 94 Ohio St.3d 440, 440, 763 N.E.2d 1175 (2002); R.C. 2505.02(B)(3).

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN VACATING SUMMARY JUDGMENT
FOR NANNICOLA.

{¶5} Appellant first argues that a motion for reconsideration of a final judgment in the Court of Common Pleas of Ohio does not exist. Appellant is correct. A trial court cannot grant a motion for reconsideration of a final judgment, and such a motion is a nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981). "Once an appealable or final judgment in a case has been journalized, it cannot be modified by that court except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), or Civ.R. 60(B) (motion for relief from judgment)." *In re Guardianship of Maurer*, 108 Ohio App.3d

354, 357, 670 N.E.2d 1030 (6th Dist.1995), citing Civ.R. 54(A) and *Pitts*, *supra*, at 380. Any decision entered pursuant to a motion for reconsideration filed after a final judgment is entered is also a nullity. *Pitts* at 381; *State ex rel. Clark v. Lile*, 80 Ohio St.3d 220, 685 N.E.2d 535 (1997).

{¶6} A trial judge does have some discretion in treating a motion seeking reconsideration of a final order as a Civ.R. 60(B) motion for relief from judgment, but there is no indication that the trial court exercised such discretion in this case. *State ex rel. Albourque v. Terry*, 128 Ohio St.3d 505, 2011-Ohio-1913, 947 N.E.2d 169, ¶2. In Appellees' motion for reconsideration they simply asked for more time to respond to the motion for summary judgment, even though summary judgment had been granted nine days earlier. The caption of Appellees' motion indicates that it was a motion for reconsideration and nothing else. The content of the motion does not refer to Civ.R. 60(B) or to any of the elements that would be found in a Civ.R. 60(B) motion. This is simply a case in which the trial court granted a motion for reconsideration. However, following a final judgment in this matter, the trial court had no power to grant this motion.

{¶7} Even if the trial court had been inclined to convert the motion for reconsideration into a Civ.R. 60(B) motion for relief from judgment, relief would not have been warranted based on the record before us. Civ.R. 60(B) provides that:

> [T]he court may relieve a party or his legal representative from a final
> judgment, order or proceeding for the following reasons: (1) mistake,
> inadvertence, surprise or excusable neglect; (2) newly discovered

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶8} There are three basic requirements for a successful Civ.R. 60(B) motion: "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc.*, *supra*, at paragraph two of the syllabus. A failure to establish any one of the three factors set forth in *GTE Automatic Elec., Inc.* is generally fatal to the motion for

relief from judgment. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20-21, 520 N.E.2d 564 (1988).

**{¶9}** Appellees failed to establish, or even allege, any meritorious defense to the breach of contract claim. Failure to present a meritorious defense defeats the Civ.R. 60(B) motion and establishes reversible error on appeal if the motion was granted. *Gary R. Gorby & Assoc., L.L.C. v. McCarty*, 2d Dist. No. 2010 CA 71, 2011-Ohio-1983, ¶54; *Universal Bank, N.A. v. Thornton*, 8th Dist. No. 72553, 1997 WL 781718, at *3.

**{¶10}** Because the trial court granted a motion for reconsideration in a matter where a final judgment had issued, and that such a motion is a nullity, the judgment of the trial court is reversed and the prior judgment in favor of Appellant is reinstated.

Donofrio, J., concurs.

DeGenaro, J., concurs.