[Cite as *Doleh v. Sutula*, 2012-Ohio-6143.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98971

---

## DOLEH DOLEH

### RELATOR

vs.

## HONORABLE JOHN D. SUTULA

### RESPONDENT

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Mandamus and Procedendo
Motion No. 459500
Order No. 460799

**RELEASE DATE:**   December 21, 2012

**FOR RELATOR**

Doleh Doleh
Inmate No. 631-152
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

KENNETH A. ROCCO, P.J.:

{¶1} On September 20, 2012, the relator, Doleh Doleh, commenced this mandamus and/or procedendo action to compel the respondent, Judge John D. Sutula, to rule on the postconviction relief petition, which on December 10, 2010, Doleh filed in the underlying case, *State v. Doleh,* Cuyahoga C.P. No. CR-531323. On October 18, 2012, the respondent moved for summary judgment, inter alia, on the grounds of mootness. Attached to the dispositive motion was a copy of a signed and file-stamped October 17, 2012 journal entry containing the findings of fact and conclusions of law denying Doleh's petition. Doleh never filed a response to the judge's motion for summary judgment. Thus, the journal entry establishes that the judge has fulfilled his duty to issue findings of fact and conclusions of law and rule on the petition. Doleh has received his requested relief, a resolution of his postconviction relief petition. This matter is moot.

{¶2} Although Doleh filed a poverty affidavit, he did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; and *Hazel v. Knab*, 120 Ohio St.2d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶3} Accordingly, the court grants the respondent's motion for summary judgment, and denies Doleh's application for an extraordinary writ. Relator to pay costs. The

court directs the clerk to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR