[Cite as *State ex rel. Quarterman v. Gaul*, 2014-Ohio-1248.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100922

---

## STATE OF OHIO EX REL.,
## ALLEN QUARTERMAN

RELATOR

vs.

## JUDGE DANIEL GAUL

RESPONDENT

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Mandamus
Motion No. 472245
Order No. 473142

**RELEASE DATE:**   March 25, 2014

**FOR RELATOR**

Allen Quarterman, pro se
Inmate No. 642-873
P.O. Box 8107
Mansfield, OH    44901


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James E. Moss
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH    44113

EILEEN A. GALLAGHER, P.J.:

{¶1} On January 22, 2014, the relator, Allen Quarterman, commenced this mandamus action against the respondent, Judge Daniel Gaul, to compel the judge to rule on a motion for jail-time credit that Quarterman filed on August 30, 2013, in the underlying case, *State v. Quarterman,* Cuyahoga C.P. No. CR-11-555106-A. [1] Quarterman asserts that he is entitled to an additional 62 days of jail-time credit for time spent at the Community Assessment Treatment Center. On February 12, 2014, the respondent judge moved for summary judgment because of mootness and pleading deficiencies. Attached to the dispositive motion is a copy of a certified January 30, 2014 journal entry denying any jail-time credit for inpatient drug treatment but granting 142 days of jail-time credit in the underlying case. Quarterman did not file a timely response. The journal entry establishes that Quarterman has received his requested relief and the judge has fulfilled his duty to resolve the outstanding motion. This matter is moot.

{¶2} Relator also did not comply with R.C. 2969.25(C) that requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This is sufficient reason to deny the mandamus, deny indigency status and assess costs against the relator. *Hazel v. Knab*,

---

[1] In the underlying case, Quarterman pleaded guilty to burglary and domestic violence, and the judge sentenced him to 18 months of community control sanctions. On July 3, 2013, the judge sentenced him to 18 months at the Lorain Correctional Institution for violating those sanctions and gave him 135 days of jail-time credit.

130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶3} Accordingly, this court grants the respondent judge's motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR