[Cite as *State ex rel. Dowdell v. Sheehan*, 2014-Ohio-2068.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   101080

## STATE OF OHIO, EX REL.
## JARON DOWDELL

RELATOR

vs.

## HONORABLE BRENDAN SHEEHAN

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No.   473528
Order No. 474519

**RELEASE DATE:**   May 14, 2014

**FOR RELATOR**

Jaron Dowdell, pro se
Inmate No. 650-574
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio   44430


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** On March 4, 2014, the relator, Jaron Dowdell, commenced this extraordinary writ action against the respondent, Judge Brendan Sheehan.[1] In his complaint, Dowdell seeks to compel the judge to rule on a R.C. 2953.21 postconviction relief petition that Dowdell says he filed on December 21, 2013, in the underlying case, *State v. Dowdell*, Cuyahoga C.P. No. CR-12-558070-A. On March 27, 2014, the respondent judge, through the Cuyahoga County prosecutor, moved for summary judgment on the grounds of mootness and procedural defects. Dowdell never filed a timely response. For the following reasons, this court grants the respondent's dispositive motion and denies the application for an extraordinary writ.

**{¶2}** In the underlying case, Dowdell pleaded guilty to burglary, attempted felonious assault, and vandalism, and the judge sentenced him to two years of community control sanctions. On November 20, 2013, after repeated community control violations, the trial judge ordered him to prison for one year on each count to be served concurrently with 101 days of jail-time credit.

**{¶3}** A review of the underlying case's docket shows that Dowdell never filed a R.C. 2953.21 postconviction relief petition, but did file a motion for jail-time credit on

---

[1] In his pleading caption, Dowdell styles his action as a complaint for mandamus, but in his complaint he says that he is applying for a writ of procedendo. His demand for judgment "prays that this court issue a procedendo against respondent granting the mandamus action * * *." He also refers to a writ of habeas corpus in his affidavit of verity, but makes no argument for immediate release.

December 24, 2013. Attached to the judge's summary judgment motion is a copy of a certified March 12, 2014 judgment entry granting Dowdell 137 days of jail-time credit. Thus, the judge has fulfilled his duty to rule on the outstanding motion and has rendered this writ action moot.[2] There is no duty to resolve or proceed to judgment on a postconviction relief petition that was never filed.

{¶4} Relator also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶5} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for an extraordinary writ. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

---

[2] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).

**{¶6}** Writ denied.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR