[Cite as *State ex rel. Santiago v. Saffold*, 2014-Ohio-2539.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101240**

## STATE EX REL. CARLOS SANTIAGO

RELATOR

vs.

## CUYAHOGA COUNTY COURT JUDGE SHIRLEY S. SAFFOLD

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Procedendo
Motion No. 474507
Order No. 475344

**RELEASE DATE:** June 11, 2014

**FOR RELATOR**

Carlos Santiago, pro se
No. A389-108
Grafton Reintegration Center
2500 S. Avon Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} On April 11, 2014, the relator, Carlos Santiago, commenced this procedendo action[1] against the respondent, Judge Shirley Strickland Saffold, to compel the judge to rule on a motion for jail-time credit that Santiago filed on February 5, 2014, in the underlying case, *State v. Santiago*, Cuyahoga C.P. No. CR-99-385140.[2] On May 1, 2014, the respondent judge moved for summary judgment on the grounds of mootness and procedural defects. Santiago never filed a timely response. For the following reasons, this court grants the judge's summary judgment motion and denies the application for a writ of procedendo.

{¶2} Attached to the judge's dispositive motion is a copy of a certified April 25, 2014 journal entry granting Santiago 43 days of jail-time credit in the underlying case. This journal entry establishes that the judge has proceeded to judgment on the subject motion and that this writ action is moot.

---

[1] The writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 696 N.E.2d 1079 (1998). However, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992).

[2] On June 22, 2000, in the underlying case, the respondent judge sentenced Santiago to 17 months for grand theft motor vehicle concurrent to a 14-year sentence for attempted murder, five-year firearm specification, and improper discharge of a firearm in *State v. Santiago*, Cuyahoga C.P. No. CR-99-383719.

**{¶3}** Relator also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

**{¶4}** Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Wilson v. Calabrese*, 8th Dist. Cuyahoga No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996).

**{¶5}** Accordingly, this court grants the respondent's motion for summary judgment and denies the writ. Relator to pay costs. This court directs the clerk of court to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶6}** Writ denied.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR

KEY WORDS

101240

Procedendo; jail-time credit; mootness; R.C. 2969.25(C); prison cashier's statement; and Loc.App.R. 45 supporting affidavit.   Procedendo action to compel ruling on a motion for jail-time credit rendered moot by the judge granting 43 days of jail-time credit.   Relator also did not comply with R.C. 2969.25(C) because he failed to attach a prison cashier's statement, and relator did not file a supporting affidavit as required by Loc.App.R. 45.