[Cite as *State v. Pope*, 2014-Ohio-2654.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 101184

---

## STATE OF OHIO

RESPONDENT

vs.

## JOHNATHAN POPE

RELATOR

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion No. 474269
Order No. 475376

**RELEASE DATE:**   June 13, 2014

**FOR RELATOR**

Johnathan Pope
#650-717
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James E. Moss
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} On March 28, 2014, the relator, Johnathan Pope, commenced this mandamus action to compel the respondent to rule on the motions for jail-time credit that he filed on January 30, 2014, in *State v. Pope,* Cuyahoga C.P. Nos. CR-13-576800-A and CR-13-578700-B, and on January 10, 2014, in *State v. Pope*, Cuyahoga C.P. No. CR-13-570585-A. On April 24, 2014, the respondent moved for summary judgment on the grounds of mootness and procedural defects. Pope never filed a timely response. For the following reasons, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus.

{¶2} Attached to the summary judgment motion are copies of three certified journal entries dated April 15, 2014. The journal entry for Case No. CR-13-576800-A grants 59 days of jail-time credit, and the entry for Case No. CR-13-578700-B grants 58 days of jail-time credit. In the entry for Case No. CR-13-570585-A, the judge denied the motion as moot because the court had terminated community control sanctions and released Pope from this case on December 2, 2013. These entries establish that the respondent has fulfilled it's duty by ruling on the outstanding motions.[1] Accordingly, this mandamus action is moot.

---

[1] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.

{¶3} Additionally, Pope's complaint contains multiple pleading deficiencies. First, the petition is improperly captioned. Pope styled this petition as "State of Ohio v. Johnathan Pope." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. Cuyahoga No. 71699, 1997 Ohio App. LEXIS 79452 (Feb. 27, 1997); and *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 96013, 2011-Ohio-1813.

{¶4} The relator has also failed to comply with R.C. 2969.25 that requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of a mandamus complaint. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 696 N.E.2d 594 (1994), and *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 685 N.E.2d 1242 (1997). Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492,

2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 724 N.E.2d 420 (2000); and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶5} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; and *State ex rel. Wilson v. Calabrese*, 8th Dist. Cuyahoga No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996).

{¶6} Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against the relator. This court directs the clerk of court to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

_____

LARRY A. JONES, SR., PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR