[Cite as *State ex rel. Pagan v. Saffold*, 2014-Ohio-3332.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101364**

# STATE OF OHIO, EX REL.
# JOSE PAGAN

RELATOR

vs.

# CUYAHOGA COUNTY COURT JUDGE
# SHIRLEY S. SAFFOLD

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Procedendo
Motion No. 475665
Order No. 476878

**RELEASE DATE:** July 30, 2014

**RELATOR**

Jose Pagan, pro se
#604-307, Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, P.J.:

{¶1} On May 12, 2014, the relator, Jose Pagan, commenced this procedendo action against the respondent, Judge Shirley Strickland Saffold, to compel the judge to rule on motions for jail-time credit that Pagan filed on November 7, 2013, in *State v. Pagan,* Cuyahoga C.P. No. CR-11-546295-A, and on December 7, 2013, in *State v. Pagan,* Cuyahoga C.P. No. CR-10-537242-A. On June 10, 2014, the respondent judge moved for summary judgment on the grounds of mootness. Attached to this dispositive motion were copies of certified, file-stamped journal entries granting Pagan a total of 238 days of jail-time credit in Case No. CR-10-537242-A and a total of 12 days in Case No. CR-11-546295-A. Pagan never filed a response. These journal entries establish that the respondent judge proceeded to judgment on the subject motions and this procedendo action is moot.

{¶2} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4699, 914 N.E.2d 402; *State ex rel. Wilson v. Calabrese,* 8th Dist. Cuyahoga No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996).

{¶3} Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the writ, deny indigency status and assess costs against the relator. *State ex rel.*

*Pamer v. Collier,* 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, and *Hazel v Knab,* 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶4} Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Relator to pay costs. This court directs the clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶5} Writ denied.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
MELODY J. STEWART, J., CONCUR