[Cite as *Turner v. Lucci*, 2015-Ohio-3417.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JOHN L. TURNER, JR., | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2015-L-053** |
| JUDGE EUGENE A. LUCCI, LAKE COUNTY COURT OF COMMON PLEAS, | : | |
| Respondent. | : | |
| | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*John L. Turner, Jr.,* pro se, c/o Lake County Jail, 104 East Erie Street, Painesville, OH 44077 (Relator).

*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court pursuant to a petition for a writ of mandamus filed by relator, John L. Turner, Jr., against respondent, Judge Eugene A. Lucci. For the reasons that follow, the petition is dismissed.

{¶2} In his petition for a writ of mandamus, relator states that he is entitled to a writ requiring Judge Lucci to appoint him an investigator for purposes of the upcoming trial in his pending criminal case at state expense. It is undisputed that relator filed a

motion in his pending criminal case asking the court to appoint an investigator for him, but that the court denied his request.

{¶3} Respondent has filed a motion to dismiss, arguing that relator's petition is procedurally defective and also defective on its merits.

{¶4} A court may dismiss a petition for an extraordinary writ when it is improperly captioned. *Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶4, citing *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227 (1962). "The failure to caption an original action properly constitutes sufficient grounds for dismissing the petition." *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324, ¶2.

{¶5} R.C. 2731.04 states, in part, that an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit."

{¶6} The caption of relator's petition does not indicate that the request is made in the name of the state on the relation of Turner. Instead, the petition was filed by Turner in his individual capacity. For this reason alone, relator's petition for a writ of mandamus must be dismissed.

{¶7} Further, pursuant to Civ.R. 10(A), the caption of a complaint must "include the names and addresses of all the parties." *Hill, supra*, at ¶8. Here, relator has failed to include his address in the caption. For this additional reason, the petition must be dismissed.

{¶8} In addition, relator's affidavit identifying civil actions previously filed is legally insufficient because it does not include a "brief description of the nature of the

2

civil action or appeal" and "[t]he name of each party to the civil action or appeal." R.C. 2969.25(A)(1) and (3). "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶5.

**{¶9}** Further, relator has failed to comply with R.C. 2969.25(C). This section requires an inmate, who files a civil action against a government entity and seeks a waiver of the filing fee, to file an affidavit of indigency along with a certified statement of the inmate's account balance for each of the previous six months. Relator has also failed to comply with this requirement. *Bechtel, supra*. Failure to file a statement of the inmate's account balance in compliance with R.C. 2969.25(C) at the time of the initial filing of the petition results in dismissal of the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶1. In *Hazel, supra*, the Ohio Supreme Court held that the error cannot be corrected after the initial filing and is fatal to the petition.

**{¶10}** In any event, even if relator had complied with the foregoing procedural requirements and if we were to assume the truth of the facts as alleged by relator in his petition, he is not entitled to a writ of mandamus against Judge Lucci. "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶31, citing *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80 (1988).

**{¶11}** If relator is not satisfied with the court's ruling on his motion for the appointment of an investigator for him, he will be able to appeal the ruling in the event

3

he is convicted. It is well settled that mandamus is not available to criminal defendants to complain about the trial court's rulings because appeal is an adequate remedy at law. *State ex rel. Hester v. Crush,* 75 Ohio St.3d 563, 564 (1996).

{¶12} Accordingly, we dismiss relator's petition for a writ of mandamus.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.