[Cite as *Turner v. Kelly*, 2015-Ohio-3414.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JOHN L. TURNER, JR., | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2015-L-050** |
| MAUREEN G. KELLY, CLERK OF COURTS, LAKE COUNTY COURT OF COMMON PLEAS, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*John L. Turner, Jr.,* pro se, c/o Lake County Jail, 104 East Erie Street, Painesville, OH 44077 (Relator).

*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court pursuant to a petition for a writ of mandamus filed by relator, John L. Turner, Jr., against respondent, Maureen G. Kelly, Clerk of Courts, Lake County Court of Common Pleas. For the reasons that follow, the petition is dismissed.

{¶2} In his petition for a writ of mandamus, relator correctly states that on November 25, 2014, Ms. Kelly misfiled his previous petition for a writ of habeas corpus

in his criminal case, which is pending in the Lake County Court of Common Pleas, although he intended to file it in this court. After relator brought this matter to the attention of Judge Eugene Lucci of the Lake County Court of Common Pleas, on February 5, 2015, the Judge ordered Ms. Kelly to file the petition in this court, which she did. Subsequently, this court dismissed that habeas petition in *Turner v. Coulson*, 11th Dist. Lake No. 2015-L-014, 2015-Ohio-1224. Relator now seeks a writ of mandamus to require Ms. Kelly to file his future filings in the proper court.

**{¶3}** Ms. Kelly has filed a motion to dismiss for failure to state a claim, arguing that relator's petition is procedurally defective and also defective on its merits.

**{¶4}** A court may dismiss a petition for an extraordinary writ when it is improperly captioned. *Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶4, citing *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227 (1962). "The failure to caption an original action properly constitutes sufficient grounds for dismissing the petition." *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324, ¶2.

**{¶5}** R.C. 2731.04 states, in part, that an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit."

**{¶6}** The caption of relator's petition does not indicate that the request is made in the name of the state on the relation of Turner. Instead, the petition was filed by Turner in his individual capacity. For this reason alone, relator's petition for a writ of mandamus must be dismissed. *Hill, supra*.

2

{¶7} Further, pursuant to Civ.R. 10(A), the caption of a complaint must "include the names and addresses of all the parties." *Hill, supra*, at ¶8. Here, relator has failed to include his address in the caption. For this additional reason, the petition for a writ of mandamus must be dismissed. *Hill, supra*.

{¶8} In addition, relator's affidavit identifying civil actions previously filed is legally insufficient because it does not include a "brief description of the nature of the civil action or appeal" and "[t]he name of each party to the civil action or appeal." R.C. 2969.25(A)(1) and (3). "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶5.

{¶9} Further, relator has failed to comply with R.C. 2969.25(C). This section requires an inmate, who files a civil action against a government entity and seeks a waiver of the filing fee, to file an affidavit of indigency along with a certified statement of the inmate's account balance for each of the previous six months. Relator has also failed to comply with this requirement. *Bechtel, supra*. Failure to file a statement of the inmate's account balance in compliance with R.C. 2969.25(C) at the time of the initial filing of the petition results in dismissal of the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶1. In *Hazel, supra*, the Ohio Supreme Court held that the error cannot be corrected after the initial filing and is fatal to the petition.

{¶10} In any event, even if relator had complied with the foregoing procedural requirements and if we were to assume the truth of the facts as alleged in his petition, he has failed to state any facts that would entitle him to a writ of mandamus against Ms. Kelly. This is because she filed his prior habeas petition in this court long before relator

3

filed the instant petition. It is well settled that mandamus does not lie to compel an act that has already been performed. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St. 3d 278, 279 (1996).

**{¶11}** Further, because no writ of habeas corpus was allowed and Ms. Kelly has not refused to issue a writ of habeas corpus, relator is not entitled to the monetary award he seeks against her pursuant to R.C. 2725.21 and R.C. 2725.22.

**{¶12}** Accordingly, we dismiss relator's petition for a writ of mandamus.


TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.