[Cite as *Turner v. Coulson*, 2015-Ohio-3416.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JOHN L. TURNER, JR., | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2015-L-052** |
| CHARLES COULSON, LAKE COUNTY CHIEF PROSECUTOR, et al., | : | |
| Respondents. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*John L. Turner, Jr.,* pro se, c/o Lake County Jail, 104 East Erie Street, Painesville, OH 44077 (Petitioner).

*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondents).

PER CURIAM.

{¶1}    This matter is before the court pursuant to the petition for a writ of habeas corpus filed by petitioner, John L. Turner, Jr., against respondents, Lake County Prosecutor Charles Coulson and Lake County Sheriff Daniel Dunlap. For the reasons that follow, the petition is dismissed.

{¶2}    In his petition, petitioner alleges that because the Adult Parole Authority found him guilty of a violation of his parole due to his commission of a theft offense, he

was placed in jeopardy and cannot be tried for that offense without violating his right not to be placed twice in jeopardy.

{¶3} Initially, we note that a court may sua sponte dismiss a petition for an extraordinary writ when it is improperly captioned. *Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶4. Pursuant to Civ.R. 10(A), the caption of a complaint must "include the names and addresses of all the parties." *Hill, supra,* at ¶8. Here, petitioner has failed to include his address in the caption of his petition. For this reason alone, the petition must be dismissed. *Id.*

{¶4} In addition, petitioner's affidavit identifying civil actions previously filed is legally insufficient because it does not include a "brief description of the nature of the civil action or appeal" and "[t]he name of each party to the civil action or appeal." R.C. 2969.25(A)(1) and (3). "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶5.

{¶5} Further, petitioner has failed to comply with R.C. 2969.25(C). This section requires an inmate, who files a civil action against a government entity and seeks a waiver of the filing fee, to file an affidavit of indigency along with a certified statement of the inmate's account balance for each of the previous six months. Petitioner has also failed to comply with this requirement. *Bechtel, supra.* Failure to file a statement of the inmate's account balance in compliance with R.C. 2969.25(C) at the time of the initial filing of the petition results in dismissal of the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶1. In *Hazel, supra*, the Ohio Supreme Court held that the error cannot be corrected after the initial filing and is fatal to the petition.

2

{¶6} In any event, even if petitioner had complied with the foregoing procedural requirements and even if we were to assume the truth of the allegations in his petition, he still would not be entitled to a writ of habeas corpus. Sua sponte dismissal of a petition for an extraordinary writ for failure to state a claim on which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *Hill, supra*. In *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, the Supreme Court of Ohio held there is no double jeopardy violation where "a person released on postrelease control who violates conditions of that postrelease control faces a term of incarceration for the violation as well as criminal prosecution for the conduct that was the subject of the violation as a felony in its own right." *Id.* at ¶27. The *Martello* court reasoned that punishment imposed due to a violation of postrelease control was civil in nature and amounted to nothing more than the reinstatement of punishment already imposed as part of the original criminal prosecution. *Id.* at ¶19, 26. Thus, jeopardy did not attach. The Court explained that the longstanding rule in both Ohio and in federal courts is that a criminal defendant can be convicted of the new charge regardless of any decision by a parole authority to reinstate the original sentence or impose additional administrative sanctions for the parole violation. *Id.* at ¶38.

{¶7} Further, this court has held that the violation of a condition of post-release control, and any subsequent sanctions, is part of the punishment for the original criminal conduct, and, thus, punishment stemming from a post-release control violation would never result in double jeopardy. *State v. Swick*, 11th Dist. Lake No. 97-L-254, 2001 Ohio App. LEXIS 5857, *31 (Dec. 21, 2001).

3

{¶8}    We therefore hold that the hearing held by the Adult Parole Authority which resulted in the violation of petitioner's post-release control did not place him in jeopardy, and the prohibition against double jeopardy does not apply.

{¶9}    We therefore dismiss petitioner's petition for a writ of habeas corpus.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.