[Cite as *State ex rel. Sowell v. Matia*, 2024-Ohio-1374.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,
MARIOUS SOWELL,                                   :

      Relator,                                    :

                                      No. 113781

      v.                                          :

JUDGE DAVID T. MATIA,                             :

      Respondent.                                 :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  WRIT DENIED
**DATED:**  April 5, 2024

---

Writ of Mandamus
Order No. 573397

---

***Appearances:***

Marious Sowell, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} On March 29, 2024, the relator, Marious Sowell, commenced this mandamus action against the respondent, Judge David Matia, to compel the judge to issue a final, appealable order in the underlying case, *State v. Sowell,* Cuyahoga C.P. No. CR-06-485862-A.  In a November 8, 2007 journal entry, the jury found Sowell guilty of aggravated robbery with a one- and three-year firearm specification

and tampering with evidence. The judge found him guilty of a repeat violent offender specification and notice of prior conviction, as well as two counts of having a weapon while under disability. In the November 14, 2007 sentencing entry, the judge reiterated the facts of the convictions and the firearm specifications, but did not reiterate that he had found Sowell guilty of the repeat violent offender specification. The judge imposed the following sentence: three years on the firearm specification consecutive to ten years for aggravated robbery and five years consecutive for the repeat violent offender specification; the sentences for the other charges were run concurrent for an aggregate sentence of 18 years.[1] Sowell now argues that the failure to reiterate the fact of conviction for the repeat violent offender specification rendered the sentencing entry not a final, appealable order and that mandamus should now issue to compel the inclusion of the fact of conviction for that specification in order to make a final, appealable order. For the following reason, this court denies the application for a writ of mandamus.

{¶ 2} Sowell did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier,* 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d

---

[1] In his direct appeal, Sowell argued, inter alia, that the conviction for the repeat violent offender specification was not supported by sufficient evidence. *State v. Sowell,* 8th Dist. Cuyahoga No. 90732, 2008-Ohio-5875.

842; *State ex rel. Townsend v. Gaul,* Slip Opinion No. 2024-Ohio-1128; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378 — the defect may not be cured by subsequent filings.

{¶ 3} Accordingly, this court denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 4} Writ denied.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR