ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On September 30, 2005, the petitioner, Jamil Zayed, commenced this habeas corpus action against Sheriff Gerald McFaul, on the grounds of excessive bail. On October 17, 2005, the sheriff moved to dismiss. Zayed never filed a response. For the following reasons, this court grants the motion to dismiss.
 {¶ 2} In the underlying case, State of Ohio v. Jamil Zayed,
Cuyahoga County Common Pleas Court Case No. CR. 468557, the Grand Jury indicted Zayed on one count each of rape, attempted rape, gross sexual imposition, kidnaping and having a weapon under disability.[1] The trial court originally set bond at $25,000. At a hearing on September 28, 2005, the state requested the court to raise the bond. The court noted that Zayed had felony convictions for two counts of trafficking in food stamps, one count of intimidation and one count of domestic violence. The state submitted that Zayed was a foreign national, from either Israel or Palestine, and that he had financial transactions with people outside the United States. Furthermore, the trial judge did not get straight answers on the location or existence of Zayed's passport or his immigration status. Therefore, the judge increased the bond to $500,000.
 {¶ 3} In the petition Zayed argued that $500,000 was excessive. He had strong ties to the Cleveland area, with employment and family here, and had made all court hearings. The State replied that the trial court did not abuse its discretion in setting bond at $500,000 because of the seriousness of charges, his long criminal history, his out-of-country ties, and his questionable immigration status. Jenkins v. Billy (1989),43 Ohio St.3d 84, 584 N.E.2d 1045; In re Gentry (1982),7 Ohio App.3d 143, 454 N.E.2d 987; Lewis v. Telb (1985),26 Ohio App.3d 11, 497 N.E.2d 1376; and In re Green (1995),101 Ohio App.3d 726, 656 N.E.2d 705.
 {¶ 4} However, this habeas corpus action is now moot. A review of the docket in the underlying case reveals that on November 30, 2005, Zayed pleaded guilty to rape with a one-year firearm specification and received a five-year sentence; the other counts were nolled.
 {¶ 5} Accordingly, the court grants the motion to dismiss and dismisses this action as moot. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Karpinski, J., concurs
 McMonagle, J., concurs
[1] The gravamen of the charge was that he raped a twenty-eight year-old female employee at gunpoint. Zayed's defense counsel asserted that the defense would be based on consensual sex.