[Cite as *State v. Cruz*, 2014-Ohio-297.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98264

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRES CRUZ

DEFENDANT-APPELLANT

## JUDGMENT:
### APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-542079
Application for Reopening
Motion No. 466205

**RELEASE DATE:**     January 27, 2014

**FOR APPELLANT**

Andres Cruz, pro se
No. 623-804
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, OH 44030

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Mary H. McGrath
Assistant County Prosecutor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Andres Cruz has filed a timely application for reopening pursuant to App.R. 26(B). Cruz is attempting to reopen the appellate judgment, rendered in *State v. Cruz*, 8th Dist. Cuyahoga No. 98264, 2013-Ohio-1889, that affirmed his conviction for the offenses of drug trafficking, drug possession, and tampering with evidence. For the following reasons, we decline to grant the application for reopening.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Cruz must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Cruz must establish that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶3}** In *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, the Supreme Court of Ohio held that:

> Moreover, to justify reopening his appeal, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*State v. Spivey*, 84 Ohio St.3d 25, 1998-Ohio-704, 701 N.E.2d 696.

> *Strickland* charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Id. At 689, 104 S.Ct. 2052, 80

L.Ed. 674. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct 3308, 77 L.Ed.2d 987 (1983); *State v. Sander*, 94 Ohio St.3d 150, 761 N.E.2d 18 (2002).

*State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, at ¶ 7.

{¶4} In addition, the Supreme Court of Ohio, in *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, held that:

> In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id.*

{¶5} It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, *supra*; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶6} In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too

tempting for a defendant-appellant to second-guess his attorney after conviction and appeal and that it would be all to easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*, *supra*.

{¶7} In the case sub judice, Cruz raises three proposed assignments of error. Cruz's first proposed assignment of error is that:

> The trial court's imposition of consecutive sentences was contrary to law and abuse of discretion.

{¶8} The trial court did not abuse its discretion by imposing consecutive sentences of incarceration with regard to the conviction for trafficking. The standards that are to be applied by this court when reviewing the imposition of consecutive sentences can be found in R.C. 2953.08. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 8-10. Pursuant to R.C. 2953.08, there exists only two grounds that would allow this court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) this court, upon review, clearly and convincingly finds that the

record does not support the trial court's findings under R.C. 2929.14(C)(4). *Id.* at ¶ 11; R.C. 2953.08(G)(2).

{¶9} When imposing consecutive sentences of incarceration under R.C. 2929.14(C)(4), the trial court must find that the consecutive sentences are "necessary to protect the public from future crime or to punish the offender." The trial must next find that the consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find the existence of one of three statutory factors as set forth in R.C. 2929.14(C)(4)(a)-(c):

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior release.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses as committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} The trial court's compliance with R.C. 2929.14(C)(4) "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes* at ¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 2001-Ohio-1341, 754 N.E.2d 1252. Herein, the record clearly demonstrates that the trial court made the

necessary findings and fully complied with the requirements of R.C. 2929.14(C)(4) prior to the imposition of consecutive sentences of incarceration.

> In consideration of the record, oral statements made today, the presentence report, the purposes and principles of sentencing, the seriousness and recidivism factors relevant to the offense and this offender and the need for deterrence, incapacitation, rehabilitation and restitution, the Court finds that Counts 12 and 13 merge for the purpose of sentencing and that the State has elected to have the defendant sentenced under the trafficking conviction as stated in Count 12.
>
> * * *
>
> The Court finds that pursuant to Ohio revised code Section 2929.14(C)(4), the defendant is required to serve these prison terms consecutively because consecutive service is necessary to protect the public from future crime and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Furthermore, this sentence is necessary because the harm caused by this defendant was so great and unusual that a single term does not adequately reflect the seriousness of his conduct in that he took part in five separate drug transactions culminating in the attempted sale of a kilo of cocaine, and a half kilo of black tar heroin, which he was able to order with relative ease from Columbus, Ohio and was promptly delivered by two of his co-defendants in this case.
>
> The defendant also clearly stated on the tape to the officer directing this case that he was able to easily orchestrate the sale and distribution of several kilos of drugs from his and through his various drug connections and that one kilo was actually far below the normal amount of drugs that he handles, thus the defendant has established himself by word and deed as a major player in the illegal drug distribution in this region.
>
> For all these reasons the defendant's sentences must be consecutive.

(Tr. 1040 - 1043.)

{¶11} The trial court, during the sentencing, spread upon the record that: (1) it

considered all of the information gleaned from the hearing, the presentence report, and oral statements; (2) consecutive sentences were necessary to protect the public from future crime; (3) consecutive sentences were not disproportionate to the seriousness of Cruz's conduct and to the danger the offender posed to the public; and (4) consecutive sentences were necessary because multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflected the seriousness of Cruz's conduct.

{¶12} The trial court made the necessary statutorily mandated findings and the record demonstrates that the court engaged in the necessary analysis to support those findings. The trial court, in sentencing Cruz to consecutive sentences, fully complied with R.C. 2929.14(C)(4) and *Venes*. Cruz's first proposed assignment of error is not well taken and fails to establish ineffective assistance of appellate counsel.

{¶13} Cruz's second proposed assignment of error is that:

Appellant contends that the language used in the indictment was insufficient to establish venue or jurisdiction, or subject matter jurisdiction because it did not specifically state that the offenses occurred in Lake or Medina County.

{¶14} Cruz, through his second proposed assignment of error, argues that the trial court erred by denying his motion to dismiss as premised upon the failure of the indictment to specify that the charged offenses were not committed in Cuyahoga County, but actually committed in Lake and Medina Counties. Cruz's second proposed

assignment of error is without merit.

{¶15} In *State v. Ahmed*, 8th Dist. Cuyahoga No. 84220, 2005-Ohio-2999, this court held that:

> R.C. 2901.11 grants jurisdiction to Ohio courts over criminal offenses which occur in Ohio. The statute provides that "[a] person is subject to criminal prosecution and punishment in this state if * * * the person commits an offense under the laws of this state, any element of which takes place in the state." R.C. 2901.11(A)(1). [Footnote omitted.] In the instant case [defendant] was indicted on 53 counts of sexual offenses, all occurring in Ohio. Accordingly, pursuant to R.C. 2901.11, the trial court had jurisdiction to proceed on all counts.
>
> * * *
>
> Ohio's venue statute, R.C. 2901.12, provides that "the trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." R.C. 2901.12(A). However, in recognizing the modern mobility of criminal offenders and the interest of judicial economy, the statute further provides:
>
> > "When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred."

*Id*. at ¶ 6.

{¶16} Herein, Cruz clearly committed offenses within Cuyahoga County and thus jurisdiction and venue were proper within Cuyahoga County. Cruz's second proposed assignment of error is not well taken and fails to establish ineffective assistance of appellate counsel.

**{¶17}** Cruz's third proposed assignment of error is that

The charging instrument failed to meet the third mandate of *Russell v. United States* (1962), 369 U.S. 749 on the grounds that the carbon-copy count(s) of the indictment violated his due process rights under the Fourteenth Amendment.

**{¶18}** Cruz, through this third proposed assignment of error, argues that the counts of his indictment were each identical to each other. Specifically, Cruz argues that his due process rights were violated by the failure of each count to provide adequate notice of the particular charge and permit an adequate defense. Cruz's third proposed assignment of error is without merit.

**{¶19}** A review of the indictment returned against Cruz demonstrates that he was charged with seven counts of trafficking, two counts of drug possession, and one count of tampering with evidence. Each separate count involved a different offense, a different date of commission of the charged offense, and a different drug associated with each count. Cruz was provided adequate notice of each charged offense and his due process rights were not violated vis-a-vis the indictment. *State v. Lewis*, 11th Dist. Lake No. 2012-L-074, 2013-Ohio-3974; *State v. Nolan*, 11th Dist. Portage No. 2012-P-0047, 2013-Ohio-2928; *State v. Hendrix*, 11th Dist. Lake No. 2011-L-043, 2012-Ohio-2832. Cruz's third proposed assignment of error is not well taken and fails to establish ineffective assistance of appellate counsel.

**{¶20}** Application for reopening is denied.

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR

KEY WORDS

App.R. 26(B) Application for Reopening, ineffective assistance of appellate counsel, consecutive sentencing, R.C. 2929.14(C)(4), venue and jurisdiction, "carbon-copy" indictments. When imposing consecutive sentences under R.C. 2929.14, the trial court must find that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, the trial court must find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the trial court must find the existence of one of the three statutory findings under R.C. 2929.14(C)(4)(a)-(c). The trial court fully complied with R.C. 2929.14(C)(4) upon sentencing the defendant to consecutive sentences.