[Cite as *State ex rel. Cruz v. Sloan*, 2014-Ohio-5180.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. ANDRES CRUZ, | : | **MEMORANDUM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2014-A-0032** |
| BRIGHAM SLOAN, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Andres Cruz*, pro se, PID: A623-804, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Respondent).

CYNTHIA WESTCOTT RICE, J.

{¶1} Petitioner, Andres Cruz, seeks a writ of habeas corpus for immediate release from imprisonment at the Lake Erie Correctional Institution in Conneaut, Ashtabula County, Ohio. For the reasons that follow, this action is dismissed.

{¶2} Petitioner alleges in his petition that his conviction in *State v. Cruz*, 8th Dist. Cuyahoga No. 98264, 2013-Ohio-1889 ("*Cruz I*"), was obtained through an indictment that was defective in that it did not allege that the offenses of which he was

convicted were committed in Cuyahoga County. As a result, he argues the trial court lacked subject-matter jurisdiction.

{¶3} Petitioner's claims fail for a number of reasons. First, he failed to pay the required filing fees or to alternatively properly file a fee-waiver request. Second, he failed to attach the required commitment papers to his petition. Third, he did not attach an affidavit of prior civil actions filed by him within the past five years to his petition. All of these are mandatory requirements when petitioning for habeas relief, and petitioner's failure to comply with any one is grounds for dismissal.

{¶4} On October 7, 2010, the Cuyahoga County Grand Jury returned a 20-count indictment against petitioner and three co-defendants. The indictment charged petitioner as follows: Counts 7, 9, 10, and 11 charged him with both trafficking and major-drug-offender specifications; Count 8, trafficking; Count 12, trafficking with a juvenile specification; Count 13, drug possession; Count 14, trafficking with major-drug-offender and juvenile specifications; Count 15, drug possession with a major-drug-offender specification; Count 16, possession of criminal tools; Count 19, having weapons while under disability; and Count 20, tampering with evidence. Counts 12 through 16 and 19 all contained forfeiture specifications for a digital scale, $50 in Honduran currency, ammunition, and 27 firearms confiscated during a search-warrant execution.

{¶5} Petitioner executed a jury waiver as to the having-weapons-while-under-disability charge and the remaining counts were tried to a jury. At the conclusion of trial, the jury found petitioner guilty of trafficking with major-drug-offender specifications as charged in Counts 7-11; guilty of the trafficking and possession charges on Counts 12

2

through 15, including the major-drug-offender specifications, but not guilty of the juvenile and forfeiture specifications; not guilty of Count 16, possessing criminal tools; and guilty of Count 20, tampering with evidence. The court found petitioner not guilty of Count 19, having weapons while under disability.

{¶6} At the sentencing hearing, the court merged Counts 12 and 13 and Counts 14 and 15, and the state elected to proceed on Counts 12 and 14. The court sentenced petitioner to 11 years on Counts 7, 9, 10, 11, and 14; five years on Count 8; and 24 months on Count 20. The court ordered Counts 7, 9, and 12 to be served consecutively to each other, and that all remaining counts were to be served concurrently, for a total prison sentence of 33 years. After petitioner filed a motion for reconsideration, the court conducted an additional sentencing hearing to impose sentence on Count 12. The court imposed a sentence of 11 years on Count 12, and ordered all other terms of the sentence to remain the same.

{¶7} Petitioner will apparently have served his sentence by 2046. Respondent is the warden at the Lake Erie Correctional Institution, and currently maintains custody of petitioner.

{¶8} Petitioner filed a direct appeal, and in *Cruz I*, the Eighth District affirmed his conviction. He subsequently filed a motion for reopening, which the appellate court denied in *State v. Cruz*, 8th Dist. Cuyahoga No. 98264, 2014-Ohio-297 ("*Cruz II*").

{¶9} Petitioner filed the instant petition for writ of habeas corpus on June 12, 2014.

{¶10} Respondent, Brigham Sloan, Warden, filed a motion to dismiss; petitioner filed an answer to same; and respondent filed a reply. Further, petitioner filed

3

objections to respondent's reply, and respondent filed a motion to strike petitioner's objections.

{¶11} The petition filed in this matter fails to comply with several statutory requirements for habeas relief. One of these requirements is that the petitioner must file all pertinent commitment papers along with the petition. R.C. 2725.04(D). Attaching only some of the paperwork is insufficient. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 71 (2002). If any of the required commitment papers is not included with the petition, it is defective. *Id.* The Ohio Supreme Court has held that the commitment papers are necessary for a complete understanding of the petition. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured, and there is nothing before the court on which to make a determined judgment, except the bare allegations of the petition. *Id.*

{¶12} Petitioner failed to attach the sentencing entry or any of his commitment papers*.* Without the full scope of petitioner's commitment papers, it would be impossible for us to fully understand the petition. Due to this defect, the petition must be dismissed.

{¶13} Further, when an inmate initiates any civil action or appeal against a government employee or entity, such as respondent, R.C. 2969.25(A) requires an affidavit of the inmate's prior civil actions to be filed at the same time the civil action or appeal is filed. R.C. 2969.25(A) applies to habeas filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶6-9. Belated attempts to file this affidavit cannot correct noncompliance with the statute. *Id.* at ¶9. Failure to timely file the required affidavit of

4

prior civil actions mandates dismissal of the petition. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999).

{¶14} Petitioner filed an affidavit of his prior civil actions some 18 days after he filed the petition. This belated attempt to file this affidavit was ineffective to cure noncompliance with R.C. 2969.25(A). For this additional reason, the petition is defective and must be dismissed.

{¶15} Moreover, R.C. 2969.25(C) requires an inmate seeking waiver of the filing fees to file an affidavit of indigency. Along with that affidavit, the inmate must also file a certified statement of the inmate's account balance for each of the previous six months and a statement of all cash and items of value owned by the inmate. "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶5. Failure to file a statement of the inmate's account balance and assets at the time of the initial filing of the petition results in dismissal of the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶1. In *Hazel, supra*, the Ohio Supreme Court held that the error cannot be corrected after the initial filing and is fatal to the petition.

{¶16} Petitioner failed to file his inmate account statement. For this additional reason, the petition is defective and must be dismissed.

{¶17} In summary, petitioner has violated all of these statutory provisions. First, he failed to file any commitment papers with his petition. Second, he failed to file an affidavit of prior civil actions along with the petition. Third, petitioner failed to file his inmate account statement. For any one of these three reasons, petitioner did not state

5

a facially valid habeas-corpus claim, and he obviously cannot prevail on his petition. Therefore, the petition must be dismissed.

{¶18} For the reasons stated in the memorandum opinion of this court, this action is dismissed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.