[Cite as *Robinson v. LaRose*, 2015-Ohio-4323.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| JACKIE ROBINSON, | : | **OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2015-T-0051** |
| CHRISTOPHER LaROSE, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.


*Jackie Robinson,* pro se, PID: A554-458, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430-0901 (Petitioner).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Respondent).


CYNTHIA WESTCOTT RICE, J.

{¶1} This matter is before the court on Petitioner, Jackie Robinson's, petition for a writ of habeas corpus; respondent, Christopher LaRose's, motion to dismiss, or alternatively, for summary judgment; and petitioner's reply. This is petitioner's fifth petition for a writ of habeas corpus following his conviction in 1979 for aggravated robbery and numerous other criminal convictions. The principal issue before us is whether the instant petition is barred by res judicata. For the reasons that follow, Mr. LaRose's motion is granted and the petition is dismissed.

{¶2} In 1976, petitioner pled guilty to burglary in the Summit County Court of Common Pleas, and the trial court sentenced him to two to 15 years in prison. He was released on parole in August 1978.

{¶3} While on parole, on March 1, 1979, petitioner was indicted by the Summit County Grand Jury for aggravated robbery, carrying a concealed weapon, and having a weapon while under disability. Petitioner alleges in his petition that the indictment in that 1979 case was either dismissed or flawed, entitling him to a writ of habeas corpus.

{¶4} Petitioner's 1979 case was tried to a jury. The jury found him guilty of each of the charges. The Summit County Court of Common Pleas sentenced him to seven to 25 years for aggravated robbery, one to ten years for carrying a concealed weapon, and one to five years for having a weapon while under disability. The terms were ordered to be served consecutively to each other, for a total prison term of nine to 40 years.

{¶5} Petitioner filed a direct appeal of his conviction, which was affirmed by the Ninth District in *State v. Robinson*, 9th Dist. Summit No. 9278, 1979 Ohio App. LEXIS 10727 (Sep. 26, 1979) ("*Robinson I*").

{¶6} On April 17, 1979, petitioner was found to be a parole violator. His aggregate sentence for his 1976 and 1979 convictions was 11 to 55 years in prison.

{¶7} On December 22, 1986, petitioner was released on parole. In March 1988, he pled guilty to bank robbery in the United States District Court for the Northern District of Ohio. He was sentenced to a federal prison term of ten years.

{¶8} On August 3, 1993, petitioner was found to be a "Parole Violator-in-Custody" and was not given credit for the years he served in federal prison.

{¶9} On November 19, 1998, petitioner was released on parole.

{¶10} On November 23, 1999, petitioner was found guilty by a Summit County jury of carrying a concealed weapon and having a weapon while under disability. Petitioner was sentenced to 17 months for carrying a concealed weapon and four years for having a weapon while under disability, the terms to be served concurrently, for a total prison term of four years.

{¶11} Petitioner was again released on parole in February 2004. In February 2005, a Summit County jury found him guilty of two felonies, theft and passing bad checks. As his separate sentence for these crimes, the Summit County Court of Common Pleas ordered petitioner to serve a definite term of 12 months on each charge, the two terms to be served consecutively to each other, for a total of two years.

{¶12} In 2007, petitioner filed a petition for a writ of habeas corpus in this court, seeking immediate release from prison. Petitioner argued he had already served each of the maximum sentences under his multiple convictions. In granting the warden's motion for summary judgment on the petition, this court in *Robinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0035, 2007-Ohio-3845 ("*Robinson II*"), held:

{¶13} Since petitioner's conviction in the second Summit County case occurred in 1979, it follows that his maximum [40-year] sentence in that matter will not be completed until 2019. Thus, regardless of the sentences imposed in the other three actions, petitioner is not entitled to be released on the grounds that he has served his entire sentence. To this extent, the evidentiary materials before us

3

support the legal conclusion that a writ of habeas corpus is not warranted in this instance. *Id.* at ¶11.

{¶14} In September 2007, petitioner was released on parole. On September 9, 2008, petitioner pled guilty to failure to comply with an order or signal of a police officer and having a weapon while under disability. He was sentenced to one year in prison for failure to comply and two years for having a weapon while under disability, the two terms to be served consecutively to each other, for a total of three years in prison.

{¶15} In 2011, petitioner filed a petition for a writ of habeas corpus in the Marion County Court of Common Pleas, again arguing he had completed his sentence. That court ultimately dismissed the petition. Petitioner appealed the Marion County court's dismissal, and the Third District dismissed his appeal in 2012 in *Robinson v. Governor of Ohio*, 3d Dist. Marion No. 9-12-06 ("*Robinson III*").

{¶16} In 2013, petitioner filed another petition for a writ of habeas corpus in this court, again alleging he was entitled to immediate release from prison because he had already completed his sentence. This court in *Robinson v. LaRose*, 11th Dist. Trumbull No. 2013-T-0073, 2013-Ohio-4316 ("*Robinson IV*"), dismissed the petition, holding:

{¶17} [P]etitioner obviously cannot prevail because this court has previously held in *Robinson II* that petitioner's maximum sentence will not be complete until 2019. As a result, he is collaterally estopped from arguing again that he has already completed his sentence. Moreover, this action is also barred by res judicata proper because petitioner previously filed a habeas petition [in

4

2007] concerning the same conviction that was denied on the merits by a court of competent jurisdiction. *Id.* at 17.

{¶18} On April 21, 2015, petitioner filed a habeas petition in the Ninth District. In *Robinson v. Christopher LaRose*, 9th Dist. Summit No. 27770 ("*Robinson V*"), the Ninth District dismissed the petition.

{¶19} In the instant petition, filed on May 22, 2015, petitioner alleges that he was tried in the Summit County Court of Common Pleas without an indictment or, alternatively, on an indictment that was not "properly founded and returned by a Grand Jury." Thus, he alleges the trial court patently and unambiguously lacked jurisdiction over his 1979 aggravated robbery case, as a result of which he alleges he is being unlawfully imprisoned.

{¶20} Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 268 (1993).

{¶21} The party seeking summary judgment on the ground that the nonmoving party cannot prove his case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

{¶22} If this initial burden is not met, the motion for summary judgment must be denied. *Id*. However, if the moving party meets his initial burden, the nonmoving party must then produce competent evidence showing there is a genuine issue for trial. Civ.R. 56(E). If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him. *Dresher, supra*.

{¶23} A writ of habeas corpus is the proper remedy for a state prisoner to pursue when he believes that his present incarceration is not lawful. *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, ¶5. A writ of habeas corpus can only be granted if the petitioner can establish one of two circumstances, i.e., (1) that the sentencing court in his underlying criminal proceeding lacked jurisdiction to convict him, or (2) that he is still being held in prison, although he has already served his entire sentence. *State ex rel. Vinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0042, 2007-Ohio-5205, ¶6. "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, ¶6.

{¶24} Here, petitioner does not allege he completed his prison sentence. Instead, he argues the Summit County Court of Common Pleas lacked jurisdiction to convict him because the indictment was either dismissed or defective. However, the petition filed in this case is barred on its merits and also due to petitioner's violation of several mandatory statutory requirements. The petition is defective on its merits for three reasons.

**{¶25}** First, the petition is barred because petitioner had an adequate remedy by way of a direct appeal.

**{¶26}** Petitioner mistakenly argues he was tried without an indictment because, in his view, the trial court's order granting his motion to suppress certain evidence automatically resulted in the dismissal of his indictment. This argument is based on nothing more than his misunderstanding of the consequences of the trial court's ruling on his motion to suppress..

**{¶27}** Petitioner alternatively argues that, if the indictment was not dismissed, it was not properly signed or time-stamped. The Supreme Court of Ohio has held that habeas corpus is not available to challenge the validity of an indictment. *State ex rel. Arroya v. Sloan*, 142 Ohio St.3d 541, 2015-Ohio-2081, ¶5. "A defendant may challenge the sufficiency of the indictment only by a direct appeal, and not through habeas corpus." *State ex rel. Hadlock v. McMackin*, 61 Ohio St.3d 433, 434 (1991).

**{¶28}** The alleged defects in the indictment about which petitioner now complains were apparent on the face of the indictment. Thus, petitioner was on notice of them during the pendency of his criminal case and could have raised this argument in his direct appeal in *Robinson I*. It is well settled that habeas corpus cannot be used as a substitute for an appeal or postconviction relief. *Cornell v. Schotten*, 69 Ohio St.3d 466-467 (1994).

**{¶29}** Because petitioner had an adequate remedy in the ordinary course of the law by way of a direct appeal, he is not entitled to a writ of habeas corpus.

**{¶30}** Second, the petition is barred by res judicata. In the context of criminal cases, "a convicted defendant is precluded under the doctrine of res judicata from

7

raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996).

{¶31} Here, because petitioner's flawed-indictment argument was apparent on the face of the indictment, he could have raised it when he filed his direct appeal in *Robinson I*. However, he failed to do so, and thus the argument is barred by res judicata.

{¶32} Third, petitioner's attempt to question the jurisdiction of the sentencing court via an attack on the sufficiency of the indictment (by arguing it was not properly signed or time-stamped) is misdirected as the sufficiency of the indictment does not implicate the jurisdiction of the trial court over the subject matter of the offense or the person of the defendant. *State ex rel. Hadlock, supra,* at 433. It is well-settled that habeas corpus will not lie where the petitioner fails to attack the jurisdiction of the court. *Ellis v. McMackin*, 65 Ohio St.3d 161, 162 (1992).

{¶33} Next, the petition filed in this matter fails to comply with at least two mandatory statutory requirements for habeas relief. One of these requirements is that the petitioner must file *"all* of his pertinent commitment papers" along with the petition. (Emphasis sic.) *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 71 (2002). Attaching only some of the paperwork is insufficient. *Id.* If any of the required commitment papers is not included with the petition, it is defective. *Id.* The commitment papers are necessary for a complete understanding of the petition. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). When a petition is presented to a court that

8

does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured, and there is nothing before the court on which to make a determined judgment, except the bare allegations of the petition. *Id.* This court has held that "[w]ithout the full scope of [the petitioner's] commitment papers, * * * the petition must be dismissed." *State ex rel. Cruz v. Sloan*, 11th Dist. Ashtabula No. 2014-A-0032, 2014-Ohio-5180, ¶12. Further, a petitioner's failure to attach all commitment papers with his initial habeas petition is not cured by a later submission. *Cornell, supra.*

{¶34} Here, petitioner attached only a copy of his 1979 sentencing entry to his petition. He did not attach copies of his 1976 or his 2008 sentencing entry. For this additional reason, his petition is fatally defective.

{¶35} Further, when an inmate initiates any civil action or appeal of a civil action against a government employee or entity, such as Mr. LaRose, R.C. 2969.25(A) requires the inmate to file at the same time an affidavit that contains a description of "each civil action or appeal of a civil action" that the inmate has filed in the previous five years in any state or federal court. R.C. 2969.25(A) applies to habeas filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶6-9. Failure to timely file the required affidavit of prior civil actions mandates dismissal of the petition. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999).

{¶36} Here, petitioner filed an affidavit of his prior civil actions. However, he only listed two prior petitions for habeas relief that he filed in the United States District Court in Youngstown. He failed to include the petition for a writ of habeas corpus he filed in the Marion County Court of Common Pleas in 2011; his appeal from that court's dismissal of his petition, which he filed in the Third District in 2012; a petition for a writ of

9

habeas corpus he filed in this district in 2013, and a petition for a writ of habeas corpus he filed in the Ninth District in April 2015.

{¶37} Petitioner's affidavit of prior civil actions is thus incomplete, and for this additional reason, his petition is defective and must be dismissed. *Cruz, supra*, at ¶14.

{¶38} In view of the foregoing analysis, petitioner has failed to demonstrate the existence of a genuine issue of material fact and, as a matter of law, Mr. LaRose is entitled to summary judgment. Therefore, Mr. LaRose's motion is granted and the petition is dismissed with prejudice.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.