[Cite as *Turner v. Coulson*, 2015-Ohio-5341.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JOHN L. TURNER, JR., | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2015-L-087** |
| CHARLES COULSON, LAKE COUNTY CHIEF PROSECUTOR, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*John L. Turner, Jr.,* pro se, c/o Lake County Jail, 104 East Erie Street, Painesville, OH 44077 (Petitioner).

*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondents).

PER CURIAM.

{¶1} Petitioner, John L. Turner, Jr., seeks a writ of habeas corpus against respondents, Lake County Prosecutor Charles Coulson and Lake County Sheriff Daniel Dunlap, for his immediate release from imprisonment at the Lake County Jail. Petitioner filed his petition while his criminal case was pending in the Lake County Court of Common Pleas. For the reasons that follow, this action is dismissed.

{¶2} Petitioner, acting pro se, filed his petition for a writ of habeas corpus on August 5, 2015. He alleges he is being illegally held in jail by Sheriff Dunlap because the recording of a 911 call made by a victim of his thefts, which petitioner needed to refute the prosecution's witnesses, was destroyed by the state. As a result, he alleges his due process rights were violated. He also alleges the amount of bail set by the trial court was excessive. Along with his petition, petitioner filed an excerpt of the indictment in his criminal case, a police report, three witness statements, an affidavit of his prior civil actions, and an affidavit purporting to comply with R.C. 2969.25(C), requesting the waiver of prepayment of this court's filing fee.

{¶3} Upon review of petitioner's petition, it is immediately apparent that it is defective on its face. A court may sua sponte dismiss a petition for an extraordinary writ for failure to state a claim upon which relief can be granted if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶4, citing *State ex rel. Thompson v. Spon*, 83 Ohio St.3d 551, 553 (1998); *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231 (1999).

{¶4} Petitioner's petition fails to comply with several statutory requirements for habeas relief. One of these requirements is that the petitioner must file all pertinent commitment papers along with the petition. R.C. 2725.04(D). The Ohio Supreme Court has held that the commitment papers are necessary for a complete understanding of the petition. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of

2

how the commitment was procured, and there is nothing before the court on which to make a determined judgment, except the bare allegations of the petition. *Bloss, supra.*

{¶5}   In *State ex rel. Cruz v. Sloan*, 11th Dist. Ashtabula No. 2014-A-0032, 2014-Ohio-5180, ¶12, this court stated: "Relator failed to attach the sentencing entry or any of his commitment papers. Without the full scope of relator's commitment papers, it would be impossible for us to fully understand the petition. Due to this defect, the petition must be dismissed."  Because petitioner has failed to file any of his commitment papers, his petition must be dismissed.

{¶6}   Further, when an inmate initiates any civil action or appeal against a government employee or entity, such as respondents, R.C. 2969.25(A) requires an affidavit describing each of the inmate's prior civil actions and civil appeals within the last five years to be filed at the same time the civil action or appeal is filed.  In addition, the affidavit identifying the civil actions and appeals previously filed must include a "brief description of the nature of the civil action or appeal" and "[t]he name of each party to the civil action or appeal." R.C. 2969.25(A)(1) and (3). "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶5. R.C. 2969.25(A) applies to habeas filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶6-9. Belated attempts to file this affidavit cannot correct noncompliance with the statute. *Id*. at ¶9. "Failure to timely file the required affidavit of prior civil actions mandates dismissal of the petition. *Cruz, supra,* at ¶13, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999).

**{¶7}** While petitioner has filed an affidavit of his prior civil actions, it is legally insufficient for several reasons. First, it does not purport to list all of his prior appeals within the last five years. Although petitioner concedes he has one appeal now pending in the Ohio Supreme Court, he does not describe it or list the parties to it. He also states he filed an appeal in this court, but he does not describe it or list the parties to it. In addition, while petitioner concedes he has filed three habeas petitions in the Eighth District, he does not provide a description of any of them or list the names of the parties to those actions. Further, while he says he has filed three mandamus actions in the Eighth District, he only describes one of them and does not state the names of the parties involved in any of them. He states he filed two habeas cases in the Ninth District, but, again, he does not provide a description of either or state the names of the parties to those actions. Petitioner states he filed two habeas cases in this court, but, again, he describes neither and does not list the parties involved in either. Petitioner says he filed three other mandamus actions, but does not say where he filed them. Nor does he describe any of them or list the parties involved. He also states he filed multiple civil actions in Franklin, Lake, and/or Cuyahoga Counties, but he does not describe any of them or list their parties. For this additional reason, the petition is defective and must be dismissed.

**{¶8}** Moreover, R.C. 2969.25(C) requires an inmate, who files a civil action or appeal against a government entity or employee, seeking waiver of the filing fee to file an affidavit of indigency. Along with that affidavit, the inmate must also file a statement of the inmate's account balance for each of the previous six months "as certified by the institutional cashier." Failure to file a certified statement of the inmate's account

4

balance at the time of the initial filing of the petition results in dismissal of the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶1. In *Hazel, supra,* the Ohio Supreme Court held that the error cannot be corrected after the initial filing and is fatal to the petition.

{¶9} Here, while petitioner filed an affidavit listing his account balances for the last six months, which was signed by a corrections officer, it was not *certified by the institutional cashier*. For this additional reason, the petition is defective and must be dismissed.

{¶10} Further, the petition did not satisfy the mandatory requirement of R.C. 2725.04 that the petition for a writ of habeas corpus be verified. Where a habeas corpus petition does not contain any verification, it is subject to dismissal. *Chari v. Vore*, 91 Ohio St.3d 323, 328 (2001); *Jordan v. Johnson*, 12th Dist. Madison No. CA2013-03-007, 2013-Ohio-3679, ¶17. Because petitioner's petition for a writ of habeas corpus was not verified, it must be dismissed.

{¶11} In summary, petitioner failed to file any commitment papers with his petition. He also failed to file a proper affidavit of prior civil actions and appeals along with the petition. Further, he failed to file a certified inmate account statement. Moreover, he failed to provide any verification for his petition. For any one or more of these reasons, petitioner did not state a facially valid habeas-corpus claim, and he obviously cannot prevail on his petition. Therefore, the petition must be and is hereby dismissed.

{¶12} In any event, even if petitioner's petition was not barred on procedural grounds, the petition would still lack merit.

{¶13} "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, ¶6. Where the petitioner had an adequate remedy in the ordinary course of the law by way of a direct appeal, he is not entitled to a writ of habeas corpus. *Robinson v. LaRose*, 11th Dist. Trumbull No. 2015-T-0051, 2015-Ohio-4323, ¶29.

{¶14} Here, petitioner alleges that the prosecutor stated in open court that when she received the case on August 4, 2014, there was no recording of the 911 call in her file. Based on this, petitioner argues the state destroyed the recording. Petitioner argues he could have used the recording to refute the state's witnesses and, because it was destroyed, his due process rights have been violated. However, a review of the docket in the underlying criminal case reveals that on September 16, 2015, petitioner was found guilty by a jury of seven counts of felony theft and one count of intimidation, and the court sentenced him to 8 and one-half years in prison. Thus, petitioner has an adequate remedy in the ordinary course of the law via a direct appeal to assert his due-process argument. As a result, this argument is not proper grounds for habeas relief.

{¶15} Further, because petitioner has already been convicted in the underlying case, his excessive-bail argument is moot. *State ex rel. Zayed v. McFaul*, 8th Dist. Cuyahoga No. 87110, 2005-Ohio-6974, ¶4-5.

{¶16} For the reasons stated in the opinion of this court, this action is dismissed.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.

6